CARMEN AMANDA CAPESTANY, ETC., Plaintiff and Appellee, *v.* MAXIMINO CAPESTANY, Defendant and Appellant.

No. 9373.   Argued November 4, 1946.—Decided December 16, 1946.

*A. Ramírez Silva* for appellant.   *Oscar Souffront* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Carmen Amanda Capestany, represented by her mother with *patria potestas,* obtained in the District Court of Mayagüez a judgment for maintenance against her grandfather, Maximino Capestany, consisting in a monthly pension of $35 payable in advance monthly installments.   Defendant appealed and plaintiff procured from the court an order to secure the effectiveness of the judgment, by levying an attachment on an urban property belonging to defendant worth

$3,000. Defendant moved the court to set aside the attachment and decree its nullity, but the court refused. From this order defendant appealed, and he contends that the court committed error in ordering the attachment of a property worth $3,000 to secure the monthly pensions awarded and in dismissing his motion to set it aside and decree the annulment.

The two questions involved in this appeal, that is, 1st, as to whether an attachment lies to secure the effectiveness of the judgment and, if this point be decided affirmatively, 2d, as to the amount of the attachment, have been decided by this court since 1909, in *Meléndez* v. *District Court*, 15 P.R.R. 293. The facts of that case are similar to those of the case at bar. There plaintiff moved the court to order defendant to pay his illegitimate son $25 monthly as pension for maintenance, payable monthly in advance. She then prayed the court to secure the judgment through attachment of defendant's property worth $3,900, alleging that said amount covered the minor's maintenance during thirteen years, that is, until he attained the age of eighteen years. The court denied the motion, and this court held:

"We have examined the law approved March 1, 1902, to secure the effectiveness of judgments, and we think that, as they claim in the complaint the fulfillment of an obligation consisting in the payment of $25 a month to the plaintiff as a pension payable monthly in advance and from the date of the filing of the complaint, the remedy applied for cannot be denied absolutely, bearing in mind rule B of section two of the law in regard to the matter, in connection with section one of the same law.[1]

"A doubt may arise when fixing the amount to be secured and in order to remove it we must fix the amount, the compulsory payment of which can be demanded from the defendant.

"The sum the payment of which is demanded from the defendant is twenty-five dollars ($25) a month, payable in advance from the

---

[1] Subdivision *b* of § 2 of the Act provides: "If the obligation be the payment of any sum of money, the provisional remedy shall consist of the attachment of sufficient property of the debtor to cover the amount claimed."

date of the filing of the complaint, and that must be the sum that must regulate the order to secure the effectiveness of the judgment. *"*   .   *   .   *   *   *   .   *   *

."We might compare this case to a promisory note to be paid by instalments. If the payment of an instalment overdue were demanded, the order to secure the effectiveness of the judgment should be limited to the same, and should not be extended to other instalments not yet overdue, although the origin of the debt were the same. The pension claimed from Pedro de Diego is to be paid in monthly instalments, in advance, and at the time when the remedy was prayed for there was only one monthly instalments overdue, as the payments had to be understood as beginning from the date of the filing of the complaint.

For the reasons set forth, we are of the opinion that the District Court of Guayama committed an error in denying absolutely the granting of an order to secure the effectiveness of the judgment prayed for by the plaintiff, for it was proper to grant it in order to secure the payment of the first monthly instalment of twenty-five dollars ($25), without prejudice to the extension of said remedy by reason of the monthly instalments that would gradually become due during the course of the trial."

In the case at bar the judgment ordered the defendant to pay $35 monthly payable in advanced monthly installments. Plaintiffs are entitled to secure the effectiveness of the judgment (from which an appeal was taken) for the amount thereof. To fix any other amount would be speculative and against the very terms of the judgment. Just as in the *Meléndez* case, *supra,* an attachment for $3,900 to cover thirteen years of pension did not lie, in the case at bar an attachment for $3,000 to secure the payment of $35 does not lie either.

The doctrine established in the *Meléndez* case has not been changed by this court and the lower court erred in stating in its decision that "it was not bound by the authority of *Meléndez* v. *District Court."* Until overruled or modified, a decision of this court is binding on lower courts and other organisms which must follow it in cases where it is applicable.

*A. Cuesta & Cía., Sucrs.* v. *Sancho Bonet, Treas.,* 54 P.R.R. 82; *Central Cambalache, Inc.* v. *Cordero Mgr.,* 61 P.R.R. 7.

We are not convinced that we should disturb this doctrine. We have repeatedly held that:

"Once a question has been deliberatedly settled after solemn argument, it should not be disturbed, unless the ruling be so manifestly erroneous that it can not be supported without doing violence to reason and justice." *García Fernández, ex Parte,* 44 P.R.R. 286; *Banco de Ponce* v. *Iriarte,* 60 P.R.R. 71; *San Miguel, Etc. & Cía.* v. *Guevara,* 64 P.R.R. 917.

We do not believe that the *Meléndez* case, *supra,* does violence to reason and justice but rather it is in harmony with the doctrine subsequently laid down in *National City Bank of N. Y.* v. *De la Torre,* 45 P.R.R. 609, where it was decided that in cases of attachment "The plaintiff must be given some security, but the defendant must no be oppressed or subjected to unnecessary difficulties in the conduct of his business." See also *Carlo* v. *District Court,* 58 P.R.R. 889.

The order appealed from must be reversed and the case remanded for further proceedings.

Mr. Justice Snyder did not participate herein.